AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20) ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
03/19/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

FILED
Mar 19, 2021
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY Nancy Boehme
Deputy Clerk, U.S. District Court

| | |
|---|---|
| United States of America<br><br>v.<br><br>ELANO SERRANO ZUNIGA, also known as ("aka") "Elano Serrano,"<br><br>Defendant(s) | Case No. 8:21-mj-00197-DUTY |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of September 24, 2020 in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§1326(a); (b)(2) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

Please see attached affidavit.

☒ Continued on the attached sheet.

/s/
Complainant's signature

MITCHELL A. GANGWISH
Deportation Officer, DHS
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: March 19, 2021

**DOUGLAS F. McCORMICK**
Judge's signature

City and state: Santa Ana, California

Hon. DOUGLAS F. McCORMICK
U.S. Magistrate Judge
Printed name and title

AUSA: Charles E. Pell (714) 338-3542

**A F F I D A V I T**

I, Mitchell A. Gangwish, being duly sworn, do hereby depose and say:

1. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since May 2016. I am currently assigned to the Los Angeles Enforcement and Removal Operations Unit, Santa Ana office.

2. This affidavit is made in support of a criminal complaint and arrest warrant charging ELANO SERRANO ZUNIGA, also known as ("aka") "Elano Serrano," with a violation of Title 8, United States Code, Section 1326(a), (b)(2) (Illegal Alien Found in the United States Following Deportation or Removal). The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses.

3. On or about June 8, 2020, ICE received information that SERRANO, a previously deported alien, was present in the United States and was residing in the city of Santa Ana, California.

4. On or about September 24, 2020, DO Quynh Nguyen of the ICE Orange County Fugitive Operations Team informed me of the following information:

    a. DO Nguyen obtained information that SERRANO had returned to the United States after having been previously deported. DO Nguyen conducted a preliminary records check of the ICE database which revealed Alien File ("A-File") number A77-300-393, was assigned and maintained for subject alien SERRANO. An "A File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. The A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the A-File is maintained.

    b. On or about September 24, 2020, DO Nguyen conducted surveillance at SERRANO's last known address in Santa Ana, California.

    c. While at that residence, DO Nguyen observed a male he believed to be SERRANO based on photographs and physical description on reports contained in SERRANO's A-File.

5. On or about March 12, 2021, I obtained and reviewed a printout of the data from the California Criminal Identification Information ("CII") and the Federal Bureau of Investigation ("FBI") Identification Record for SERRANO, the individual who is

the subject of this affidavit. I compared the data on these documents to that found in the INS Central Index System ("CIS") under the assigned A-File. I also compared the data from these documents to the printout of the CII contained in the A-File. I found that the data from the CII contained in the A-File contains the same FBI I.D. number found in the CIS, the CII, and the FBI Identification Record that I obtained. In addition, the CII printout also reflects the convictions described below. Based on this review, I believe that SERRANO is the same individual who incurred the convictions described below and who was ordered deported and/or removed as described in the A-File.

    6. On or about March 15, 2021, I reviewed SERRANO's A-File. A review of the A-File revealed the following information and documents:

    a. A Record of Deportable/Inadmissible Alien (Form I-213), which indicated that INS Agent Diane Booker encountered SERRANO on or about July 8, 2000, at or near Orange County Jail, Orange County, California.

    b. A Decision of the Immigration Judge showing that SERRANO was ordered removed from the United States to Mexico by Patrick Mcdermott, Immigration Judge, Los Angeles, California, on June 16, 2004.

    c. An executed Warrant of Removal/Deportation indicating that SERRANO was officially removed and deported from

the United States to Mexico on September 22, 2006, at the San Ysidro Port of Entry, San Ysidro, California.

    d. An executed Warrant of Removal/Deportation indicating that SERRANO was officially removed and deported from the United States to Mexico on July 31, 2013, at the Calexico Port of Entry, Calexico, California.  I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and deported from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and/or fingerprint.  The executed Warrant of Removal/Deportation in SERRANO's A-File contains his photograph, signature, and fingerprint.

    e. A record of conviction indicating that on or about August 8, 2000, SERRANO was convicted of a Gang Member Carrying a Loaded Firearm in Public, in violation of California Penal Code Section(s) 12031(a)(1)/12031(a)(2)(c), in the Superior Court of the State of California, County of Orange, case number 00CF1839, for which SERRANO received a sentence of 365 days of imprisonment.

    f. A record of conviction indicating that on or about November 27, 2001, SERRANO was convicted of Short Barreled Shotgun or Rifle Activity, in violation of California Penal Code Section(s) 12020(a), in the Superior Court of the State of

4

California, County of Orange, case number 01CF3100, for which SERRANO received a sentence of three years of imprisonment.

   g. A record of conviction indicating that on or about April 20, 2010, SERRANO was convicted of two counts of Carrying a Loaded Unregistered Firearm in Public, in violation of California Penal Code Section(s) 12031(a)(1)/(a)(2)(F), Street Terrorism, in violation of California Penal Code Section(s) 186.22(a)(1), Possession of a Firearm by a Felon, in violation of California Penal Code Section(s) 12021(a)(1), and a sentence enhancement within the meaning of California Penal Code Section(s) 667(a)(1), in the Superior Court of the State of California, County of Orange, case number 10ZF0081, for which SERRANO received a sentence of eight years of imprisonment.

 7. On or about March 15, 2021, I reviewed the printouts of ICE computer indices on SERRANO. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported from the United States by ICE (or INS) or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that SERRANO had been removed and deported on the dates indicated on the Warrants of Removal/Deportation found in SERRANO's A-File. The ICE computer indices further indicated that SERRANO had not applied for or obtained permission from the Attorney General or his designated successor, the Secretary of Homeland Security, to

re-enter the United States legally since SERRANO had last been deported.

8. Based on my review of SERRANO's A-File, I determined that his A-File does not contain any record of him ever applying or receiving permission from the Attorney General or his designated successor, the Secretary of Homeland Security, to legally re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in SERRANO's A-File.

9. Based on my review of the contents of A-File A077-300-393, in particular the Warrant of Removals/Deportations indicating that SERRANO had been removed and deported to Mexico on two occasions, and my training and experience, I believe that SERRANO is an alien, that is, a citizen of Mexico who illegally re-entered the United States without permission.

///

///

///

10. Based upon the information set forth above, there is probable cause to believe that ELANO SERRANO ZUNIGA is in violation of Title 8, United States Code, Section 1326(a), (b)(2) (Illegal Alien Found in the United States Following Deportation or Removal).

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 19th day of March
2021.

**DOUGLAS F. McCORMICK**
HONORABLE DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE